DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Allstate Insurance Company ("Allstate"), against appellants, Debra and Robert Stevens. The remaining defendants were each dismissed from the case and are not part of this appeal.
Appellants had a homeowners' insurance policy with Allstate. Appellants sought coverage pursuant to their homeowners' policy for damages arising as a result of an August 21, 1998 automobile collision. Allstate was granted summary judgment and appellants raise the following sole assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS/APPELLANTS IN GRANTING DEFENDANT/APPELLEE ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT."
We find appellants' assignment of error not well-taken on the authority of this court's decisions in Ruiz v. Rygalski (Mar. 29, 2002), Lucas App. No. L-01-1363, as amended at Ruiz v. Rygalski (May 8, 2002), Lucas App. No. L-01-1363, and Burkholder v. German Mut. Ins. Co. (Mar. 15, 2002), Lucas App. No. L-01-1413. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court cost of this appeal.
We further find that our holding is in direct conflict with Lemm v. TheHartford (Oct. 4, 2001), Franklin App. No. 01AP-251, which is currently before the Ohio Supreme Court for its consideration. Lemm v. TheHartford (2001), 93 Ohio St.3d 1475. As such, we respectfully submit this case to the Ohio Supreme Court, pursuant to Art. IV, Section 3(B)(4), Ohio Constitution, for review and final determination on the following issue:
 "When a homeowner's insurance policy provides express liability for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment, is the policy deemed an automobile liability or motor vehicle policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage?"
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.